IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

THOMAS BELL, PLAINTIFF

v. Case No. 6:07-cv-6037

MICHAEL J. ASTRUE, Commissioner
Social Security Administration DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Thomas Bell, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI), under the provisions of Titles II and XVI of the Social Security Act (Act). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Procedural Background:**

Plaintiff protectively filed for SSI and DIB on September 2, 2003 alleging disability due to a total knee replacement, kidney stone, migraine headaches, back problems, and brain dysfunction. (Tr. 55, 76, 189). Plaintiff's applications were denied initially and on reconsideration. (Tr. 37-38, 45, 193). Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ) held a hearing on July 26, 2005. Plaintiff, represented by attorney Sherri McDonough, appeared and testified at the hearing,

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

along with Plaintiff's witness Jammey Spiller and vocational expert (VE) David Elmore. (Tr. 195-223). On May 25, 2006, the ALJ issued an unfavorable decision. (Tr. 12-17). The ALJ's decision became the final decision of the Commissioner when the Appeals Council concluded that no basis existed for review of the ALJ's decision. (Tr. 4-6).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding him not disabled. He claims the ALJ erred by not finding Plaintiff has an impairment, or a combination of impairments, equal to one listed in 20 C.F.R. §404.1501, *et seq*., Appendix 1; the ALJ erred in his RFC determination of Plaintiff by not considering Plaintiff's allegations of chronic pain, depression and anxiety; the ALJ erred by failing to assess Plaintiff's chronic pain as a non-exertional impairment; the ALJ erred in

determining Plaintiff had the capacity to perform the full range of sedentary work; and the ALJ failed to properly assess Plaintiff's depression and anxiety. The Defendant argues Plaintiff's impairments did not match a Listing; substantial evidence supports the ALJ's RFC and credibility determinations; the ALJ properly assessed Plaintiff's depression and anxiety.

**A. Listing of Impairments**

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found, that Plaintiff suffered from impairments considered severe within the meaning of the Social Security regulations. These impairments included total right knee replacement and adjustment disorder. (Tr. 12, 16). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairments meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). The Court finds that Plaintiff has not met this burden.

Plaintiff asserts the ALJ was required to evaluate his impairments under Listings 1.02 through 1.09.[2] To meet Listing 1.02, Plaintiff must have a major dysfunction of a joint with clinical

[2]In his brief, Plaintiff cited a prior rescinded version of the Listing of Impairments. The Court will address Plaintiff's arguments using the revised Listing of Impairments which are applicable to Plaintiff's case. Under the revised Listing of Impairments there is no longer a Listing 1.09, and therefore this opinion contains no discussion of that listing.

evidence of joint space narrowing, bony destruction, or ankylosis, with either:

> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee or ankle), resulting in inability to ambulate effectively, or
>
> B. Involvement of one major peripheral joint in each upper extremity (i.e.,shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively.

X-rays taken of Plaintiff's right knee on November 26, 2003 showed the soft tissues to be grossly intact and the bony structures did not show any fracture or dislocation. (Tr. 115). On January 24, 2004, x-rays of Plaintiff's right knee showed he had active range of motion without any significant pain. Plaintiff was also able to fully lift his knee off the bed and extend at the knee. (Tr. 113). The medical evidence does not indicate an inability of the Plaintiff to ambulate effectively. Plaintiff's condition does not meet Listing 1.02.

To meet Listing 1.03, Plaintiff must have had reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively. Although Plaintiff did undergo knee replacement surgery in 1979 (Tr. 199-200), the medical evidence does not show an inability to ambulate effectively. Plaintiff's condition does not meet Listing 1.03.

To meet Listing 1.04, Plaintiff must have a disorder of the spine resulting in compromise of a nerve root, with:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss, sensory or reflex loss, and if the lower back is involved, a positive straight-leg raising test; or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every two hours; or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging.

There was no medical evidence showing Plaintiff suffered from a nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis which resulted in pseudoclaudication as set forth in Listing 1.04. Plaintiff's condition does not meet Listing 1.04.

Listing 1.05 involves an amputation of either hand or a lower extremity. Plaintiff has shown no evidence that he has had an amputation of any part of his body. Plaintiff's condition does not meet Listing 1.05.

To meet Listing 1.06, Plaintiff must have had a fracture of the femur, tibia, pelvis, or one or more tarsal bones, with non-union of the bones and inability to ambulate effectively for twelve months after onset. The record contains no evidence Plaintiff fractured any bones after his alleged onset date, or that he was unable to ambulate effectively. Plaintiff's condition does not meet Listing 1.06.

To meet Listing 1.07, Plaintiff must have had a fracture of an upper extremity, with nonunion of the fracture, and such fracture was not restored within twelve months after onset. There is no medical evidence showing Plaintiff had such an injury. Plaintiff's condition does not meet Listing 1.07

To meet Listing 1.08, Plaintiff must show a soft tissue injury under continuing surgical management, with loss of major function. There is no medical evidence showing Plaintiff had such an injury. Plaintiff's condition does not meet Listing 1.08.

**B. Credibility of Plaintiff's Subjective Complaints**

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaints, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In this case, the ALJ did not simply discredit Plaintiff's subjective complaints without explanation. The ALJ properly applied the factors enumerated in *Polaski*, and determined based upon the record as a whole, Plaintiff's complaints were not credible to the extent alleged.

The ALJ reviewed Plaintiff's daily activities and found them to be inconsistent with the medical findings. (Tr. 14-15). The ALJ also considered Plaintiff's limited medical treatment. (Tr. 15). Failure to seek medical treatment is inconsistent with complaints of disabling pain. *See Benskin v. Bowen*, 830 F.2d 878, 884 (8th Cir. 1987). The record shows Plaintiff worked until November 1, 2002, despite injuries he sustained in an accident 23 years prior. (Tr. 198-199). The ALJ also considered Plaintiff's medication usage. The ALJ found Plaintiff took no prescribed pain medication. (Tr. 15). The ALJ can consider frequency and the type of medication as factors in credibility determinations. *See Nunn v. Heckler*, 732 F. 2d 645, 648 (8th Cir. 1984).

As for aggravating factors and functional limitations, the Plaintiff testified he can only stand for fifteen minutes, and needs assistance with personal needs. (Tr. 207). However, the ALJ discounted this testimony based on the fact no treating physician had put these types of limitations on Plaintiff. (Tr. 14).

The ALJ also considered and discussed the objective medical evidence concerning Plaintiff's impairments. (Tr. 13-14). The lack of objective medical evidence in support of Plaintiff's subjective

complaints is one important factor, out of many, for consideration by the ALJ when evaluating Plaintiff's allegations of disabling symptoms. *See Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999). The medical findings do not support Plaintiff's claim of total disability.

I find substantial evidence to support the ALJ's credibility determination regarding Plaintiff's subjective complaints and the ALJ performed a proper analysis of the factors set forth in *Polaski.*

**C. Plaintiff's Chronic Pain**

Plaintiff was seen by Paul Deyoub, Ph.D., for a consultative psychological evaluation. (Tr. 157-164). Dr. Deyoub indicated Plaintiff's chronic pain syndrome exacerbated his anxiety and depression. (Tr. 163). Plaintiff argues the ALJ should have considered whether this condition met the Affective Disorders Listing 12.04.

Listing 12.04 for Affective Disorders requires a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Dr. Deyoub's report does not indicate or even provide evidence of Plaintiff meeting Listing 12.04. Dr. Deyoub specifically found Plaintiff did not have a significant mental disorder. (Tr. 163). Dr. Deyoub further found Plaintiff could understand, remember, and carry out simple instructions. (Tr. 163). Dr. Deyoub was also of the opinion Plaintiff could deal with stress and could handle his own benefits. (Tr. 163). Dr. Deyoub also indicated Plaintiff had only moderate difficulty responding to work pressure, and he was not impaired in his ability to respond to his supervisors and co-workers. (Tr. 163).

I find substantial evidence supports the ALJ's decision in not finding Plaintiff's condition meeting the Affective Disorders Listing 12.04.

**D. Residual Functional Capacity**

Plaintiff argues he does not have the RFC for sedentary work and there is no substantial evidence to support such a finding by the ALJ. Defendant argues the ALJ's determination that Plaintiff has the RFC for sedentary work is supported by substantial evidence.

Prior to Step 4 of the sequential analysis, the ALJ is required to determine the claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (*quoting Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Once the Plaintiff meets that burden, the ALJ bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). The ALJ clearly also has the duty to develop the record, fully and fairly, even where a claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). The ALJ is responsible for developing the record because the social security hearings are non-adversarial. *Id.* Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff had the RFC for a wide range of sedentary work activity. (Tr. 14). The ALJ in making this determination found Plaintiff was limited in lifting more than 10 pounds; could sit for six hours in an eight-hour work day; could stand or walk for two hours in an eight-hour work day; was limited in overhead reaching; was limited to no more than routine interpersonal contact with others; and required little supervision for routine tasks but detailed supervision for non-routine tasks.

The ALJ has the responsibility to determine RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *See Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). Plaintiff argues the ALJ did not properly evaluate his RFC because the Plaintiff has limitations which limit his ability to perform sedentary work. These include the inability to stand and balance without falling and the claim he cannot sit for long periods of time without his knees becoming numb. Plaintiff argues the ALJ did not consider these limitations in his evaluation.

In determining the RFC the ALJ is only required to include limitations that are supported by the record. *See McGeorge v. Barnhart*, 321 F. 3d 766, 769 (8th Cir. 2003). However, as pointed out above, the ALJ did not find these complaints credible. The ALJ found that no physician placed the limitations claimed by the Plaintiff on Plaintiff's activities. (Tr. 14). Further, Plaintiff's daily activities were inconsistent with such a limitation. (Tr. 14-15).

The ALJ properly limited his RFC determination to only the impairments and limitations he found credible based upon his evaluation of the entire record. The ALJ's determination that Plaintiff has the RFC for sedentary work is supported by substantial evidence.

**E. Assessment of Plaintiff's Depression and Anxiety**

Plaintiff argues the ALJ failed to assess Plaintiff's depression and anxiety and the effect they had on his RFC. Plaintiff makes this argument based on the findings of Dr. Paul Deyoub, Ph. D. Dr. Deyoub performed a consultative psychological exam on Plaintiff over three days in 2005 and made a report on December 12, 2005. (Tr. 157- 166).

Plaintiff's argument is without merit. The ALJ discussed at length the findings of Dr. Deyoub. (Tr. 13-14). Furthermore, the ALJ did account for the mental limitations Dr. Deyoub identified. The ALJ limited Plaintiff to work that did not require detailed or complex tasks, or more than routine interpersonal contact with others. (Tr. 16). These limitations are consistent with the findings of Dr. Deyoub. Dr. Deyoub felt Plaintiff would have moderate problems responding to work pressure and to changes in routine work. (Tr. 163).

**4. Conclusion:**

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ. Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **17th day of June 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE